MICAH S. BISHOP *vs.* INHABITANTS OF ROCHESTER.

A town passed a vote " that all men belonging to the town, enlisting into the service of the
    United States, and who shall be accepted and mustered into the service of the same, shall
    receive a bounty from the town of one hundred and twenty-five dollars," and at the same
    meeting passed another vote "that, shall the full quota required of the town be enlisted
    and accepted as aforesaid, an additional sum of seventy-five dollars shall be paid each
    man thus enlisting, but should there be a failure in making up the full quota of nine
    months' men then those enlisting and being accepted and mustered as aforesaid shall re-
    ceive only the sum of one hundred and twenty-five dollars each." After the lapse of
    nearly four months the quota was not filled, and a draft having been ordered, the town
    chose an agent who filled the quota by recruits from abroad. *Held,* that an inhabitant of
    the town who enlisted under the above votes was entitled to only one hundred and
    twenty-five dollars.

CONTRACT brought by an inhabitant of Rochester to recover
bounty money voted by that town to enlisted soldiers.

It was agreed in the superior court that at a town meeting
held on the 28th of August 1862, the town passed the following
votes : " Moved by Samuel T. Braley and voted by the town
that all men belonging to the town and enlisting into the service
of the United States, and who shall be accepted and mustered
into the service of the same, shall receive a bounty from the town
of one hundred and twenty-five dollars. And it is further moved
by said Braley and voted by the town that shall the full quota
required of the town be enlisted and accepted as aforesaid, an
additional sum of seventy-five dollars shall be paid each man
thus enlisting, but should there be a failure in making up the
full quota of nine months' men, then those enlisting and being
accepted and mustered as aforesaid shall receive only the sum
of one hundred and twenty-five dollars."

In consequence of these votes certain citizens of Rochester
among whom was the plaintiff, enlisted and were accepted and
mustered into the military service of the United States, as nine
months' men. But the quota was not filled, and a draft was
ordered by the governor of the Commonwealth on the 22d of
November 1862, under authority of the war department, and
on the 23d of December of that year the town chose an agent

who filled the quota by recruits from abroad; and no draft was made in Rochester.

Upon these facts judgment was rendered for the plaintiff for two hundred dollars, and interest; and the defendants appealed to this court.

*C. I. Reed*, for the defendants.

*T. M. Stetson*, for the plaintiff.

GRAY, J. The defendants admit that the votes passed by the town of Rochester on the 28th of August 1862 were ratified and made valid by the *St.* of 1863, *c.* 38, and that the plaintiff is entitled to recover the sum of one hundred and twenty-five dollars The only question in the case is whether he is entitled to the additional sum of seventy-five dollars also, and we are clearly of opinion that he is not.

The manifest intention of the town was that only in case the full quota required of the town should be enlisted from among " men belonging to the town" and mustered into the service of the United States, " an additional sum of seventy-five dollars shall be paid each man thus enlisting." Such is the natural construction of the words of the votes ; and the motive for offering the additional bounty doubtless was to increase the efforts of all those who should themselves enlist, to act as a recruiting committee, and thus carry out the wish of the town to fill up its quota with its own citizens, a wish dictated alike by a feeling of honorable pride, and by a reluctance to enter into speculations for procuring recruits from abroad. Any other construction would give no effect to the very first words of the vote — " all men belonging to the town " — for if the words " enlisted and accepted as aforesaid " are not limited to inhabitants of the town, the next clause in the same vote, allowing the additional bounty to " each man thus enlisting," must be equally unlimited.

The town allowed, to those who enlisted with the hope and intention of inducing their immediate fellow-citizens to fill up the quota of the town, reasonable time and opportunity to accomplish that purpose. No other measures were adopted by the town to obtain recruits until four months after passing these

votes, and more than one month after a draft had been ordered by the governor of the Commonwealth, under authority of the war department. The plaintiff has no right to complain that the town then resorted to other means to complete abroad what the inducements held out by the vote of the town had been proved by an experiment of four months to be insufficient to bring about at home ; and no right to claim the additional bounty, after the town had been obliged to fill its quota with strangers, which had been promised to him in case that quota should be filled with its own citizens.

*Judgment for the plaintiff for* $125.